LEVI ROBBINS, PLAINTIFF, v. WALTER T. GLENDON, DEFENDANT.

Argued January 18, 1927—Decided April 22, 1927.

1. Under section 202 of the Practice act (Revision of 1903), a transitory action shall, at the discretion of the court, be tried in a county in which the cause of action arose, or the plaintiff or defendant reside at the time of the institution of the suit.

2. An application by the defendant to change the venue from the county in which the plaintiff alleges he resides to the county in which the defendant resides and the cause of action arose, will be denied where the change is sought upon the ground that the defendant is better known in the county in which he resides than in the county where the venue is laid.

3. If there be actual residence of the plaintiff in the county where the venue is laid in a transitory action the fact that a change of residence has been made by the plaintiff subsequent to the date at which the cause of action arose, but prior to the institution of the suit, gives no right to the defendant to have the venue of the action changed.

4. No length of residence of the plaintiff is required in the county in which the venue is laid prior to the commencement of the action.

5. Testimony examined, and *held,* insufficient to justify this court in exercising its discretion to change the venue of the present action.

---

On rule to show cause for change of venue.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the rule, *Walter S. Keown.*

*Contra, Wescott & Weaver.*

The opinion of the court was delivered by

KATZENBACH, J.   On March 4th, 1926, the plaintiff instituted against the defendant an action at law to recover damages from the defendant for an atrocious assault and battery made on the body of the plaintiff by the defendant. The venue was laid in Camden county.   The residence of the defendant is in the county of Cumberland.   The cause of action arose in that county.   The defendant contends that the plaintiff is also a resident of the county of Cumberland and not a resident of the county of Camden, as alleged in the complaint.

A petition was presented to this court by the defendant, alleging that he had made an investigation as to the residence of the plaintiff and that as a result of said investigation he believed that the plaintiff is a resident of Fairton, in the county of Cumberland.   Upon the presentation of this petition with accompanying affidavits a rule to show cause with leave to take affidavits was allowed.   The record contains the affidavits taken under the rule.   The defendant took the testimony of a storekeeper, a former employer of the plaintiff, and a barber in Fairton.   They all testified that they had seen the plaintiff in Fairton as much after September, 1925, which was the date the plaintiff claimed to have changed his residence to Camden county, as they had before that date.   A detective employed by the defendant testified that upon inquiry of the plaintiff's mother in Fairton he was advised that the plaintiff was not at home but would return that evening. This was in July, 1926, after the suit was instituted.

The testimony of the plaintiff was to the effect that he was twenty-four years of age and that he lived at 224 North Forty-fourth street, in the city of Camden.   His grandmother lived at this address.   He further testified that he formerly resided with his parents in Fairton and that he had changed his domicile from Fairton to Camden because he had for many years prior to the change spent a great deal of time with his grandmother and that she had expressed the wish that he would make his home permanently with her.   His parents knew of his grandmother's wish.   While residing

with his grandmother he frequently visited his parents at Fairton. He further testified that this change was made in September, 1925, and that he had been told by his counsel that he could live in Camden. After he went to Camden he registered and voted in the city of Camden. He had voted in Cumberland county in 1924. He did not vote in 1925. In November, 1926, he voted in Pensauken township, in the county of Camden. He was a student at the school of Industrial Arts in the city of Philadelphia. The proximity of Camden to Philadelphia was alleged as one of the reasons for his change of domicile.

Under the provisions of the Practice act the venue of a Supreme Court issue may be laid in the county where the plaintiff resides. The plaintiff's residence will be presumed to be where he alleges it to be unless the contrary appears. *Dabaghian* v. *Kaffafian et al.,* 71 *N. J. L.* 115. The affidavits submitted by the defendant are not, in our opinion, sufficient to overthrow this presumption. They amount to nothing more than that the plaintiff, according to the testimony of the witnesses mentioned, was seen in Fairton, in Cumberland county, after his change of residence, as much, in their opinion, as he had been prior to such change.

A change of domicile depends upon the intention and the act of the party desiring to make the change. It very frequently happens that a person may desire for some reason to change his domicile to a place where he spends a very small proportion of his time. The fact that he announces his intention in some form and actually has a place of residence in the place which he intends to make his domicile is all that is necessary. The fact that he may be seen more frequently in his former place of residence than in the place which he has subsequently chosen for his residence is not evidence that a change of domicile was not in fact made. In the present case the plaintiff did actually reside at his grandmother's. He evidenced this change in the manner indicated.

While it is true that the cause of action arose prior to the making of the change, there is nothing in the law which prevents one, after a cause of action has arisen in one county, from changing his residence to another county. The question

of residence is fixed as of the date the suit is instituted and not as of the date the cause of action accrued. As was said in the case of *Dabaghian* v. *Kaffafian, supra:*

"No length of residence is required for any definite time prior to instituting the suit; if there be actual residence at the time of the institution of the suit, the case may be tried in the county where the plaintiff thus resides."

In the case of *Herbert* v. *Terhune, 68 N. J. L.* 112, the venue was changed to a county in which the cause of action arose from the county where the plaintiff resided, but in that case it appeared that the witnesses on both sides, as also the defendant, resided in the county where the cause of action arose, and the court thought there was reason to believe that the plaintiff made his domicile in the county where the venue was laid for the sole purpose of having the venue laid there. In the present case all the facts which controlled the decision of the court in Herbert *v.* Terhune are not present.

It was stated at the argument of the present case that the defendant was a physician of high standing in the county of Cumberland, and that he desired the case to be tried in Cumberland county for the reason that he was better known there than he would be in the county of Camden where the venue was laid. This contention affords no ground for a change of venue. In fact, it might be said to be a factor which should militate against a change of venue. It may be that the defendant is so well known in Cumberland county that as impartial a trial might not be had in that county as in the county of Camden. There is no presumption that the jurors of Camden county are in any way less fitted for an impartial trial of this action than the jurors selected from the county of Cumberland would be. There is nothing in the testimony tending to show that the relation of the plaintiff is such to the jurors of Camden county as would prejudice the defendant.

We have reached the conclusion that the application for a change of venue should be denied. The rule to show cause is discharged, with costs to the plaintiff.