HAROLD G. HOFFMAN, PLAINTIFF, v. TRENTON TIMES CORPORATION ET AL., DEFENDANTS.

Submitted May 6, 1941—Decided July 28, 1941.

Before Justices PARKER, DONGES and COLIE.

For the plaintiff, *Harry Green.*

For the defendant, *Charles R. Hardin* and *Frederick A. Frost.*

The opinion of the court was delivered by

PARKER, J. This is an action based on allegedly libelous matter appearing in the *Trenton Times,* and two other newspapers published by the defendant corporation. Several individuals concerned in the management and publication of these papers are joined as defendants.

The venue is laid in Middlesex County, in which county plaintiff resides and which adjoins and is part of the "vicinity" of Mercer County, in which vicinity, as alleged in the complaint, defendant's newspaper circulates as well as in Mercer, its home county. The application is for change of venue to Mercer County.

The action is of course a transitory one, and under the statute (*R. S.* 2:27-19) is triable in either Mercer County, where defendant "resides," or in Middlesex, where plaintiff resides. As to publication, that would seem to take place wherever the paper circulates. The court is now asked in its discretion to order the venue changed to the county of defendant's "residence."

That the application is timely, seems undisputed. We proceed therefore to the merits; and here the argument is based mainly on considerations of convenience to defendant in the transportation of witnesses and of voluminous documentary matter, particularly newspaper files and similar bulky material. It is claimed that the convenience of the plaintiff will also be subserved by the proposed change, but plaintiff has himself laid the venue, and we do not feel entitled to overrule that selection as a matter of "convenience" to him. It is argued that New Brunswick is 26 miles from Trenton, and that defendant should not be required to transport witnesses

and exhibits back and forth for a protracted trial lasting an indefinite number of days. But we see no substance in this claim. Even in the "horse and buggy" days, and in the same county, parties and witnesses had to travel long distances to court, and in that event would usually put up at the local tavern during the trial. In Burlington County to-day, a resident of New Gretna must travel to Mount Holly, about 33 miles as the crow flies. Before 1850, Ocean County was part of Monmouth; and the distance from Tuckerton to Freehold is fifty miles. In these days of high speed on railways and great highways like Route No. 1 which passes through New Brunswick and Trenton, and with the present perfection of motor transportation, the time by rail is about 30 minutes, and by motor probably half as much more. It is suggested that "the public interest" will be promoted by a change of venue; just how, we are unable to discern. The defendant is not a municipal corporation as in *Keeley* v. *Belmar,* 97 *N. J. L.* 98; *Hesselbrock* v. *Burlington,* 111 *Id.* 177, and *Saxton* v. *Ocean City,* 14 *N. J. Mis. R.* 825, cited by defendants; and it is to be noted that a similar action of libel between the same parties was tried in Middlesex; so far as we are aware, without objection to the venue. *Hoffman* v. *Trenton Times,* 17 *N. J. Mis. R.* 339; *S. C.,* 125 *N. J. L.* 450.

We are clear that on the facts and arguments presented, there is no adequate reason for a change of venue to Mercer County. The rule to show cause will therefore be discharged, with costs to the plaintiff. *Robbins* v. *Glendon,* 103 *N. J. L.* 562; 138 *Atl. Rep.* 108.